UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MOHAMED IISHAAR-ABDI,<br><br>Petitioner,<br><br>v.<br><br>ERIC KLANG, *Sheriff of Crow Wing County*;<br><br>DAVID EASTERWOOD,[1] *Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*;<br><br>KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; and<br><br>PAMELA BONDI, *Attorney General of the United States*,<br><br>Respondents. | Civil No. 25-4686 (JRT/DTS)<br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Abdinasir M. Abdulahi, **AMA LAW OFFICE LLC**, 1113 East Franklin Avenue, Suite 104, Minneapolis, MN 55404, for Petitioner.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Mohamed Iishaar-Abdi ("Iishaar-Abdi") was arrested by United States Immigration and Customs Enforcement ("ICE") in December 2025. Iishaar-Abdi petitions

---

[1] David Easterwood is now the Acting Director of the St. Paul Field Office, Immigration and Customs Enforcement. Pursuant to Federal Rule of Civil Procedure 25(d), he is substituted as a Defendant for Samuel Olson.

for a writ of habeas corpus, arguing that he is being detained unlawfully without a bond hearing.  Because the Court concludes that Iishaar-Abdi is entitled to a bond hearing under 8 U.S.C. § 1226, the Court will grant Iishaar-Abdi's petition for a writ of habeas corpus.

## BACKGROUND

Iishaar-Abdi is a native and citizen of Somalia.  (Pet. Writ of Habeas Corpus ("Pet.") ¶ 15, Dec. 18, 2025, Docket No. 1.)  He entered the United States without inspection on or around April 9, 2022.  (*Id.*)  On April 11, 2022, the Department of Homeland Security initiated removal proceedings against Iishaar-Abdi and served him with a Notice to Appear (Form I-862), charging him as removable under Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act because he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General."  (Pet. ¶ 16 & Ex. 1, Docket No. 1-1.)  On August 29, 2022, Iishaar-Abdi filed an Application for Asylum and for Withholding of Removal (Form I-589), which remains pending before the Executive Office of Immigration Review.  (Pet. ¶ 17 & Ex. 2, Docket No. 1-2.)  On December 4, 2025, ICE officers apprehended Iishaar-Abdi, and he is being detained at the Crow Wing County jail in Brainerd, Minnesota.  (*Id.* ¶¶ 23–24.)

On December 18, 2025, Iishaar-Abdi filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1).  He alleges that his continued detention without the opportunity to be heard in a bond hearing is unlawful.  (*Id*. ¶ 60.)  Among other things, Iishaar-Abdi

asks the Court to order Respondents to provide Iishaar-Abdi with a bond hearing under 8 U.S.C. § 1226(a).  (*Id.* ¶¶ 51, 54.)

## DISCUSSION

Respondents argue that Iishaar-Abdi is subject to detention under to 8 U.S.C. § 1225(b)(2), not § 1226, and therefore, he is not entitled to a bond hearing.  (Resp. at 2, Dec. 23, 2025, Docket No. 7.)

After thorough review of the parties' filings, the Court concludes that the legal issues presented by Iishaar-Abdi's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).[2]  The factual record before the Court shows that Iishaar-Abdi was arrested while already in the United States.  Indeed, Iishaar-Abdi's Notice to Appear designated him as "present in the United States without being admitted or paroled."  (Pet. ¶ 16 & Ex. 1.)  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Iishaar-Abdi's

---

[2] Respondents argue that this case is distinguishable from *Herrera Avila* because the Petitioner here filed an asylum application. (Resp. at 4–6.)  But, as other courts have recognized, the filing of an asylum application by Petitioner does not affect the Court's analysis.  *See, e.g.*, *Yao v. Almodovar*, Civ. No. 25-9982, 2025 WL 3653433, at *9 (S.D.N.Y. Dec. 17, 2025) (concluding that filing an asylum application does not render a noncitizen "seeking admission" under § 1225(b)(2)(A)); *Pacheco-Acosta v. Olson*, Civ. No. 25-186, 2025 WL 3542128, at *5 (E.D. Ky. Dec. 10, 2025) (collecting cases).

detention is governed by 8 U.S.C. § 1226, not § 1225(b)(2).  Accordingly, the Court will order that Iishaar-Abdi receive a bond hearing in accordance with § 1226.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Mohamed Iishaar-Abdi's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a);

    b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

    c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

    d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court

regarding Petitioner's release.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing.  If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and permit transfer of Petitioner.

3. Within 3 days of the date of this Order, the parties shall file any requests for redaction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 30, 2025                          /s/John R. Tunheim
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                             United States District Judge